Curia per
Codcock, J.
The general doctrine involved in this case is too well and generally understood to require much observation. If the creditor enter into a. new contract with the principal, or do any act by which the surety is injured, or his remedy against the principal *459 postponed or destroyed, such act or contract shall release the surety, and when we test the case before us by these rules, I think it will be no difficult task to show that the sureties, in the case at bar, ought not to be discharged. It is readily admitted, that persons placing themselves in such a situation as to become ultimately bound for others, ought to be protected from the consequences of the acts of persons which they could not know of or eontroul; but it must never be lost sight of, that the law in accordance with that harmony which pervades its whole system, gives to the surety certain rights and privileges, by which, if he be vigilant, he may do much to protect himself, and therefore we should not be disposed to carry the protection afforded to sureties beyond the ■ prescribed boundaries marked out by the adjudicated cases, none of which can be made to embrace the case before us. In treating of this doctrine, Mr. Maddock has cautiously and clearly marked out those acts by which a surety may be released -from his liability, and has assigned many of the reasons on which the doctrine is founded. But he no where intimates, even in the most distant manner, that the taking of the body of the principal in execution, operated a discharge to the surety. In his first volume, page 234-5, he says, “ But where any act has been done by the obli-gee that may injure the surety, the Court readily lays hold of it in his favour, and will in such case, if called upon, decree a perpetual injunction to restrain the holder of the security from suing upon it; as, if the holder, without the consent of the surety, hypositive contract between the creditor and the principal, (not where the creditor is merely inactive,) gives time, accepts a composition, or discharges the estate of the principal, the surety will stand cxonorated; for if, in such ease, a demand could be made on the surety, he might enforce a payment from the principal contrary to the agreement. The surety is *460 held to be discharged for this reason also, because the creditor, by so giving time to the principal, has put it out of the power of the surety to consider whether he will have recourse to his remedy against the principal or not, and because, in fact, he cannot have the same remedy against the principal, as he would have had under the original contract. A surety is entitled to every remedy ■which the creditor has against the principal debtor,” and cases are referred to in support of each position. “ But it is said the mere taking the body in execution is a discharge of the surety. Now let us examine this position, first on principle, and next in reference to authority.— What is the object of taking a surety ? — To secure the payment of the debt, or to enforce a performance of a contract, as the case maybe. Now it has not been, and cannot be denied, that the surety can compel the creditor to sue his principal when he thinks himself in danger, or is unwilling to remain longer bound. If authority for this is necessary, the case of Pain and Packard, 13 Johnson, 174, is directly to the point, in which it was ruled that the surety was discharged because the creditor did not sue the principal, who afterwards became insolvent, and that a plea to that effect was held good in demurrer. The surety then requires the creditor to sue — he does so, and takes the body, and the debtor cannot pay; it is then contended that the surety is released, thus enabling one to destroy his own contract, and to discharge himself from a liability which he had incurred with reference to the very state of facts by means of which he is now to discharge himself.
To my mind, this involves an absurdity too obvious to require further exposure. But as it was very warmly-contended on the part of the defendants, and some view's w'ere exhibited which it was thought would bear on the question, it may not be improper to refer to some autho- *461 i'ities. It was said, if the principal had been held in custody he must have paid the debt, or been released by the operation of law; and in either case the sureties would have been discharged. As to the first there can be no doubt; but it is expressly denied, that if he had been discharged under the insolvent law, that they would have been discharged unless the creditor had voluntarily done some act which would have discharged the principal: such as receiving a part, of the debt in discharge of the whole, as in a bankruptcy; for. hard as that case is on the creditors, I admit it has been so ruled. Chitty on Bills, 4 Term Rep. 825 ; 8 Maul & Selwyn, p. —; and in the case of Rees vs. Benington, Lord Eldon, speaking of the case of Nesbitt and Smith, says: “There the creditor being called upon, did put the bond in suit. If he had proceeded, the consequences would have been only that he would have had the person in custody, it would have been no payment.” The body is no payment when taken in execution, though as between debtor and creditor, and in relation.to the rights of other creditors, it is sometimes considered as'a legal satisfaction, as in the cases of--— -s decided at this Court; and so in the case of bail,, which has been relied on as ah,authority applicable to this ease, but which is distinguished by this most prominent fact, that the delivery of the body, by the con~. tract itself, is'a discharge,* and, therefore, if the creditor do not take it, or pre vent the bail from doing so, they are necessarily discharged. In Fell, on mercantile guarantee, p. 197 to 213, this doctrine is fully discussed, and all, or many of the cases collected,.and it is clearly shown that there is no foundation for the claim of the defendants, either on the ground of the arrest, or that of .extension of time ; for it is there said, in the case of Ex parte Smith, A. andB. borrowed money from C. on their bond— B. becomes bankrupt — C. sued A. fojudgmeht, and took *462 him in execution on a ca. ad ¡sat., but discharged him or payment of part. He afterwards preferred bis petition to the Chancellor to !><• admitted to prove his bond, against the estate of B. He was allowed to crovc for one moiety only; but it was said by Lord Harcourt, Chancellor, that if B. had borrowed all the money in which case A. bad only been a security, C. would have proved for tbe whole; and this case shows the good sense of ihe rule. No injury was done to the party bound, as in the case before us. By the act of 18)5, it is declared that a creditor who has taken the body of his debtor, may release him with his consent, without impairing the effect of his judgment, and that it shall not prevent him from taking out a ca. sa. or fi. fa. at any time afterwards. Now, what injury has been done ? The principal is still liable to he taken. No change in his circumstances has been proven. For aught that appears, he is as able to pay tbe debt now, as when discharged. He may be taken again to-morrow, if the securities require it, and then they would be placed in statu quo, as before the discharge; and this is a complete answ'er to the case of the East India Company, which has been pressed into the service in the argument There money which had been left by tbe principal to discharge his sureties, bad been paid back to him, and he declared no longer a debtor.' The money could not be regained, as here tbe body may be. The securities were consequently liable, and still more so where their principal had been suffered to leave the country. As to the idea that time was given, that of itself never did operate as a discharge, (see Fulton vs. Mathews, 15 Johnson, 433; Paine vs. Packard, 13 Johnson 174,) and in one of the cases, Shubriek and Russell, the obligee took additional and collateral security, and even prolonged tbe time of payment for the additional security. • Upon the whole, we can see no ground on which to discharge tbe sureties. *463 No uew contract has boon made, and no injury done to the sureties. Motion granted.